Egan Jr., J.
Appeal from an order of the Supreme Court (Sherman, J.), entered November 14, 2011 in Tioga County, upon a decision of the court in favor of plaintiff on the issue of equitable distribution of the future proceeds of certain oil and gas leases.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2004 and, in 2007, purchased certain real property in Tioga County upon which they subsequently constructed the marital residence. Included in the underlying conveyance was the assignment of an oil and gas lease entered into between the parties’ predecessor in title and Central Appalachian Petroleum in 1999. The original lease term was for 10 years — subject to the lessee’s right to extend.[1]
In January 2009, the husband commenced this action for *1087 divorce and, during the pendency thereof, the parties received a letter from the lessee — accompanied by an extension payment in the amount of $271.72 — indicating that it was exercising its option to renew the gas lease for an additional 10-year period. Following this extension of the lease, the lessee tendered quarterly rental payments in the amount of $67.93. The husband opted not to cash the lessee’s checks — apparently believing that cashing the checks would impede his ability to renegotiate the terms of the lease at a future date.
Thereafter, in October 2011, the parties entered into a stipulation in open court regarding the dissolution of their marriage and various equitable distribution issues, during the course of which the wife agreed to, among other things, convey all right, title and interest in the marital residence to the husband. Notwithstanding the fact that the lease was included in the 2007 conveyance of the parties’ real property and, further, that a July 2011 appraisal report factored in the effect of the gas lease in arriving at an overall valuation figure for the property, the parties nonetheless agreed to allow Supreme Court — based upon written submissions — to determine the wife’s interest in the existing and/or any future gas lease. By order entered November 14, 2011, Supreme Court awarded the wife one half of the value of the rental checks received but not cashed between the date of the lease renewal and the parties’ oral stipulation and otherwise denied the wife’s request for a share of any future proceeds generated by either the existing or any future gas lease encumbering the property. This appeal by the wife ensued.
We affirm. Initially, the wife does not challenge Supreme Court’s decision to award her one half of the value of the rental payments received between the date of the lease renewal and the parties’ oral stipulation and, therefore, the propriety of that award need not detain us. As to the wife’s entitlement to a portion of the value of rental payments due under any future gas lease that may be negotiated relative to the subject property, suffice it to say that not only is the possibility of a future (or renegotiated) gas lease entirely speculative but, more to the point, the wife utterly failed — on this record — to establish the value of such a lease; thus, Supreme Court cannot be faulted for failing to grant a distributive award to the wife with respect thereto.[2] Finally, under the circumstances presented here, we cannot say that Supreme Court abused its discretion in failing *1088 to award the wife a portion of the rental payments due under the existing gas lease (set to expire in 2019), which — as noted previously — amount to $271.72 per year. The wife’s remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

. By the time that the parties took title to the property in 2007, Chesapeake Appalachia, LLC was the lessee.

. To the extent that the wife contends that valuing her interest in a future gas lease is analogous to ascertaining the value of a professional degree or license, we need note only that the latter evaluation typically is dependent *1088 upon, among other things, expert testimony and/or valuation reports (see generally Esposito-Shea v Shea, 94 AD3d 1215, 1215-1216 [2012]), which the trial court may then weigh and consider in arriving at an appropriate valuation figure. No such testimony or reports appear in the record before us.